UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN NAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-01895-TWP-MJD |
| JEFFREY KING individually, | ) |
| Defendant. | ) |

**Entry Screening and Dismissing Complaint
and Directing Plaintiff to Show Cause**

**I. Screening**

Plaintiff John Naylor ("Naylor") is a prisoner currently incarcerated at the Pendleton Correctional Facility ("Pendleton"). He brings this civil rights action under 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendant. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The complaint names Jeffrey King as the defendant. Naylor alleges that Jeffrey King, who apparently was a hearing officer in a disciplinary proceeding, violated his due process rights. Naylor seeks injunctive relief in the form of expungement of the disciplinary conviction and other demands, as well as compensatory and punitive damages. Dkt. 2 at 13.

Naylor alleges that Mr. King issued a "false conviction" and that he denied witnesses and was not an impartial decision-maker. Naylor contends that he should have either been cleared on the A-106 charge or been given a less severe sanction. Naylor was placed in disciplinary segregation for an unspecified period of time as a result of the guilty finding. He alleges that this prevented him from having contact visits with his mother who was battling cancer.

Naylor does not have a constitutional right to avoid false disciplinary charges. *Lagerstrom v. Kingston,* 463 F.3d 621, 624-25 (7th Cir. 2006) (due process rights are not violated if a false conduct report is filed). "[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride,* 188 F.3d 794, 787 (7th Cir. 1999).

Moreover, to the extent Naylor alleges that he was placed in disciplinary segregation without due process, the due process clause is triggered only when the government deprives an individual of life, property or liberty. *See Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001) (when no recognized liberty or property interest

has been taken, the confining authority is free to use any procedures it chooses, or no procedures at all).

"Prisoners do not have a constitutional right to remain in the general population." *Isby v. Brown,* 856 F.3d 508, 524 (7th Cir. 2017) (citing *Sandin v. Conner,* 515 U.S. 472, 480 (1995)). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his confinement impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484. "[B]oth the duration *and* the conditions of the segregation must be considered in determining whether due process is implicated." *Isby,* 856 F.3d at 524 (internal quotation omitted). Here, Naylor does not allege the duration or any severely restrictive conditions of his time in segregation. Nothing in the complaint compels a conclusion that his segregation resulted in an atypical and significant hardship in relation to the ordinary incidents of prison life.

Therefore, Naylor's due process claim is **dismissed for failure to state a claim upon which relief can be granted.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). That is the case here.

## II. Report Change of Address

The *pro se* plaintiff shall report any change of address within seven (7) days of any change. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## III. Show Cause

The plaintiff's complaint must be dismissed for the reasons set forth above. Naylor shall have **through July 26, 2018,** in which to either show cause why Judgment consistent with this

Entry should not issue or file an amended complaint which cures the deficiencies discussed in this Entry. Any amended complaint would completely replace the original complaint and therefore must be complete. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Naylor fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**IT IS SO ORDERED.**

Date: 6/25/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN NAYLOR
128761
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only